# EXHIBIT A

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN - 2 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

**SROURIAN LAW FIRM**
Daniel Srourian, Esq. [SBN 285678]
3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
Telephone: (310) 601-3131
Fax: (310) 388-8444
Email: daniel@slfla.com

*Attorneys for Plaintiff and the Proposed Class*

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

| | |
|---|---|
| KEVORK MANOUKIAN, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>JOHN   BEAN   TECHNOLOGIES CORPORATION a Delaware Corporation; MIGUEL VILLAS, an individual; and DOES 1 - 20, inclusive,<br><br>    Defendants. | Case No:      **BC 6 8 8 7 0 0**<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1.   FAILURE TO PAY OVERTIME WAGES [Class Claim; Labor Code §§ 1198 & 510 *et seq.*];<br>2.   FAILURE TO PAY MINIMUM WAGE [Class Claim; Labor Code §§ 1182.12, 1194, 1197 & 1198 *et seq.*);<br>3.   FAILURE TO PROVIDE REST BREAKS; [Class Claim; Labor Code §§ 226.7 & 1198 *et seq.*];<br>4.   FAILURE TO PROVIDE MEAL BREAKS; [Class Claim; Labor Code §§ 226.7, 512(a) & 1198 *et seq.*]<br>5.   WAITING TIME PENALTIES [Class Claim; Labor Code §§ 201 & 202 *et seq.*];<br>6.   FAILURE TO FURNISH AND MAINTAIN ACCURATE PAYROLL RECORDS (Labor Code §§ 226(a), 1174(d), & 1198 *et seq*);<br>7.   UNFAIR BUSINESS PRACTICES [Class Claim; Bus. & Prof. Code § 17200 *et seq.*];<br><br>**[DEMAND FOR JURY TRIAL]** |

EXHIBIT A
9

Plaintiff KEVORK MANOUKIAN, individually, and on behalf of himself and others
similarly situated, alleges as follows:

### JURISDICTION AND VENUE

1.    This class action is brought pursuant to California Code of Civil Procedure
section 382. The monetary damages, penalties, and restitution sought by Plaintiff exceed the
minimal jurisdiction limits of the Superior Court and will be established according to proof at
trial. This Court has jurisdiction over this action pursuant to the California Constitution, Article
VI, section 10. The statutes under which this action is brought do not specify any other basis for
jurisdiction. Plaintiff's share of damages, penalties and other relief sought in this action does not
exceed $75,000.

2.    Venue is proper in this Court, because Defendants employ persons in this county,
employed Plaintiff in this county, and thus a substantial portion of the transactions and
occurrences related to this action occurred in this county. Cal. Civ. Proc. Code§ 395.

### THE PARTIES

3.    Plaintiff KEVORK MANOUKIAN, is a resident of Montebello, Los Angeles
County, California. Defendants employed Plaintiff as a non-exempt, hourly-paid employee from
approximately April 2016 to October 2017. Plaintiff typically worked at least eight (8) hours per
day, five (5) days per week.

4.    Defendant JOHN BEAN TECHNOLOGIES CORPORATION was and is, upon
information and belief, a Delaware corporation, and at all times hereinafter mentioned, an
employer whose employees are engaged throughout this county, the State of California, or the
various states of the United States of America.

5.    Defendant MIGUEL VILLAS was and is, upon information and belief, a
California resident, and is being sued under California Labor Code Section 558.1.

6.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein
under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend the
complaint and serve such fictitiously named Defendants once their names and capacities become

CLASS ACTION COMPLAINT - 2

EXHIBIT A
10

known.

7.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are the partners, agents, owners, shareholders, managers, or employees of Defendants JOHN BEAN TECHNOLOGIES CORPORATION and MIGUEL VILLAS at all relevant times.

8.      Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, JOHN BEAN TECHNOLOGIES CORPORATION, MIGUEL VILLAS, and/or DOES 1 through 20 (collectively, "Defendants"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

9.      At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

10.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

11.     Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over the wages, hours, working conditions, and employment status of Plaintiff and class members. Each Defendant had the power to hire and fire Plaintiff and class members, supervised and controlled their work schedule and/or conditions of employment, determined their rate of pay, and maintained their employment records. Defendants suffered or permitted Plaintiff and class members to work and/or "engaged" Plaintiff and class members so as to create a common law employment relationship. As joint employers of Plaintiff and class members, Defendants are

jointly and severally liable for the civil penalties and all other relief available to Plaintiff and class members under the law.

12.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiff and class members because Defendants have:

      a.   jointly exercised meaningful control over the work performed by Plaintiff and class members;

      b.   jointly exercised meaningful control over Plaintiff and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiff and class members;

      c.   jointly required that Plaintiff and class members perform work which is an integral part of Defendants' businesses; and

      d.   jointly exercised control over Plaintiff and class members as a matter of economic reality in that Plaintiff and class members were dependent on Defendants, who shared the power to set the wages of Plaintiff and class members and determine their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment.

13.      Plaintiff is informed and believes, and further alleges, that at all relevant times there has existed a unity of interest and ownership between Defendants such that any individuality and separateness between the entities has ceased.

14.      JOHN BEAN TECHNOLOGIES CORPORATION, MIGUEL VILLAS, and DOES 1-20 are therefore alter egos of each other.

15.      Adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, and would promote injustice by protecting Defendants from liability for the wrongful acts committed by it.

1     16.    Plaintiff further alleges, upon information and belief, that Defendants are alter

2 egos of each other.

3                      **CLASS ACTION ALLEGATIONS**

4     17.    Plaintiff brings this action on his own behalf, as well as on behalf of each and all

5 other persons similarly situated, and thus seeks class certification under California Code of Civil

6 Procedure section 382.

7     18.    All claims alleged herein arise under California law for which Plaintiff seeks

8 relief authorized by California law.

9     19.    Plaintiff's proposed class consists of and is defined as follows:

10

11          All persons who are or were employed by Defendants as non-
         exempt, hourly-paid employees in California within four years prior

12          to the filing of this complaint until the date of trial ("Class").

13     20.    Plaintiff's proposed subclass consists of and is defined as follows:

14

15          All persons who are or were employed by Defendants as non-
         exempt, hourly-paid employees in California within one year prior

16          to the filing of this complaint until the date of trial ("Subclass").

17     21.    Members of the Class and Subclass will hereinafter be referred to as "class

18 members."

19     22.    Plaintiff reserves the right to redefine the Class and Subclass and to add additional

20 subclasses as appropriate based on further investigation, discovery, and specific theories of

21 liability.

22     23.    There are common questions of law and fact as to class members that

23 predominate over questions affecting only individual members, including, but not limited to:

24        a.    Whether Defendants uniformly rounded the time of Plaintiff and class members

25            such as to deny Plaintiff and class members compensation for actual time worked;

26        b.    Whether Defendants required Plaintiff and class members to work off-the-clock

27            without payment;

28        c.    Whether Defendants required Plaintiff and class members to work over eight (8)

hours per day, over twelve (12) hours per day, or over forty (40) hours per week
and failed to pay all legally required overtime compensation to Plaintiff and class
members;

d.  Whether Defendants failed to pay at least minimum wages for all hours worked
by Plaintiff and class members;

e.  Whether Defendants failed· to provide Plaintiff and class members with meal
periods;

f.  Whether Defendants failed to provide Plaintiff and class members with rest
periods;

g.  Whether Defendants provided Plaintiff and class members with complete and
accurate wage statements as required by California Labor Code section 226(a);

h.  Whether Defendants maintained accurate payroll records as required by
California Labor Code section 1174(d);

i.   Whether Defendants failed to pay overtime wages, minimum wages, and meal
and rest period premiums due to Plaintiff and class members upon their discharge;

j.  Whether Defendants failed timely to pay overtime wages, minimum wages, and
meal and rest period premiums to Plaintiff and class members during their
employment;

k.  Whether Defendants engaged in unfair business practices in violation of
California Business & Professions Code sections 17200, *et seq.;* and

l.  The appropriate amount of damages, restitution, or monetary penalties resulting
from Defendants' violations of California law.

24.    There is a well-defined community of interest in the litigation and the class
members are readily ascertainable:

a.  Numerosity: The class members are so numerous that joinder of all members
would be unfeasible and impractical. The membership of the entire class is
unknown to Plaintiff at this time; however, the class is estimated to be greater

than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well- defined community of interest, and Plaintiff's claims (or defenses, if any are typical of all class members as demonstrated herein.

c. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well- defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

e. <u>Public Policy Considerations</u>:  violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the

vindication of their rights while simultaneously protecting their privacy.

## GENERAL ALLEGATIONS

25.    Upon information and belief, Defendants maintain a single, centralized Human Resources department, which is responsible for collecting and processing all new hire paperwork, and communicating and implementing Defendants' company-wide policies to employees throughout California.

26.    In particular, Plaintiff and class members, on information and belief, received the same standardized documents and/or written policies. Upon information and belief, the usage of standardized documents and/or written policies, including new hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions. Upon information and belief, Defendants set forth uniform policies and procedures in several documents provided at an employee's time of hire.

27.    Upon information and belief, Defendants maintain a centralized payroll department, which processes payroll for all non-exempt, hourly-paid employees working for Defendants at their various locations in California, including Plaintiff and class members. Based upon information and belief, Defendants issued the same formatted wage statements to all non-exempt employees in California, irrespective of their work location. Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

28.    Defendants continue to employ non-exempt, hourly-paid employees throughout California.

29.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

30.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class

members were not paid for all hours worked because all hours worked were not accurately recorded.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to be paid at a regular rate of pay, and corresponding overtime rate of pay.

33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock. In violation of the California Labor Code, Plaintiff and class members were not paid at least minimum wages for work done off-the-clock.

34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

35.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to rest periods in accordance with the Labor Code and applicable Industrial Welfare Commission ("IWC") Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with a compliant rest period and that Plaintiff and class members were not provided compliant rest periods or payment of one (1) additional hour of pay at their regular rates of pay

1    when they were not provided a compliant rest period.

2        36.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

3    should have known that Plaintiff and class members were entitled to receive complete and

4    accurate wage statements in accordance with California law. In violation of the California Labor

5    Code, Plaintiff and class members were not provided complete and accurate wage statements.

6        37.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

7    should have known that they had a duty to maintain accurate and complete payroll records,

8    including hours worked, in accordance with the Labor Code and applicable IWC Wage Order,

9    but willfully, knowingly, and intentionally failed to do so.

10       38.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

11   should have known that Plaintiff and class members were entitled to timely payment of all

12   wages earned upon termination of employment. In violation of the California Labor Code,

13   Plaintiff and class members did not receive payment of all wages due, including, but not limited

14   to, overtime wages, minimum wages, and meal and rest period premiums, within permissible

15   time periods.

16       39.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

17   should have known that Plaintiff and class members were entitled to timely payment of wages

18   during their employment. In violation of the California Labor Code, Plaintiff and class members

19   did not receive payment of all wages, including, but not limited to, overtime wages, minimum

20   wages, and meal and rest period premiums, within permissible time periods.

21       40.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

22   mentioned, Defendants knew or should have known that they had a duty to provide Plaintiff and

23   class members with written notice of the material terms of their employment with Defendants as

24   required by the California Wage Theft Prevention Act, but willfully, knowingly, and

25   intentionally failed to do so.

26       41.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

27   mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff

28

CLASS ACTION COMPLAINT - 10

1  and class members for all hours worked, and that Defendants had the financial ability to pay

2  such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

3  represented to Plaintiff and class members that they were properly denied wages, all in order to

4  increase Defendants' profits.

5  ## FIRST CAUSE OF ACTION

6  ### [Violation of California Labor Code§§ 510 and 1198-Unpaid Overtime]

7  ### (Against All Defendants)

8  42.    Plaintiff hereby incorporate by reference all other allegations contained in this

9  Complaint as though fully set forth herein.

10  43.    Defendants were required to compensate Plaintiff and the Class members for all

11  overtime, which is calculated at one and one-half ($1^1/2$) times the regular rate of pay for all

12  hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

13  44.    Pursuant to Labor Code §§ 200, 226, 500, 510, and 1198, Defendants were also

14  required to compensate Plaintiff and the Class members for all hours worked in excess of

15  twelve (12) hours in any workday at double their regular rate of pay.

16  45.    Plaintiff and the Class members were non-exempt employees entitled to the

17  protections of California Labor Code §§ 200, 226, 500, 510, and 1198. During the course of

18  Plaintiff and the Class members' employment, Defendants failed to properly compensate them

19  for overtime hours worked as required under the aforementioned Labor Code sections.

20  46.    Plaintiff and the Class members are entitled to one and one half (1 1/2) times and

21  /or double their regular rate of pay for overtime work performed during the four (4) years

22  preceding the filing of this Complaint based on appropriate calculations of the total remuneration

23  for each workweek.

24  47.    In violation of state law, Defendants have knowingly and willfully refused to

25  perform their obligations to compensate Plaintiff and the Class members for all wages earned

26  and all hours worked.

27  48.    As a direct result of aforementioned violations, Plaintiff and the Class members

28

1    have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such

2    wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel

3    Defendants to fully perform their obligation under state law, all to their respective damage in

4    amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this

5    Court.

6        49.      Defendants' conduct described herein violates Labor Code §§ 200, 226, 500, 510

7    and 1198. Therefore, pursuant to Labor Code § 200, 203, 218.5, 226, 558, and 1194, Plaintiff

8    and the Class members are entitled to recover the unpaid balance of overtime compensation

9    Defendants owe Plaintiff and the Class members civil penalties (including the penalties

10   described in Labor Code § 558 and other statutory penalties) plus interest penalties, attorney's

11   fees, expenses, and costs of suit.

12                    **SECOND CAUSE OF ACTION**

13    **[Violation of California Labor Code§§ 1182.12, 1194, 1197, 1197.1 and 1198 – Unpaid**

14                          **Minimum Wages]**

15                      **(Against All Defendants)**

16        50.      Plaintiff hereby incorporate by reference all other allegations contained in this

17   Complaint as though fully set forth herein.

18        51.      Pursuant to Labor Code §§ 1194, 1194.2, and 1197, it is unlawful for an employer

19   to suffer or permit a California employee to work without paying wages at the proper minimum

20   wage for all time worked.

21        52.      At all times material hereto, "hours worked" included "the time during which an

22   employee is subject to the control of an employer, and includes all the time the employee is

23   suffered or permitted to work, whether or not required to do so."

24        53.      During the liability period, Plaintiff and Class members were suffered, permitted,

25   and required to perform work "off-the-clock," for which they received no pay, including staying

26   at work after they clocked-out in order to process paperwork regarding work they had

27   performed during their shifts.

28

54.     As a direct and proximate result of Defendants' failure to pay Plaintiff and Class members the minimum wage, Plaintiff and Class members have been damaged in the amount of unpaid minimum wages. Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiff and the Class members are entitled to recover the full amount of unpaid minimum wages, liquidated damages in an equal amount, interest and attorney's fees, all in a total amount subject to proof at time of trial. In addition, insofar as the failure of Defendants to pay the minimum wage was willful, Plaintiff and the Class members who no longer work for Defendants are entitled to waiting time penalties pursuant to Labor Code § 200 *et seq.*

55.     The aforementioned acts by Defendants were intentional, with the intention on the part of the Defendants to deprive Plaintiff and the Class members of their property and/or legal rights and causing injury to them.

### THIRD CAUSE OF ACTION

### [Violation of California Labor Code§§ 226.7 and 1198 -Rest Break Violations]

### (Against All Defendants)

56.     Plaintiff hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

57.     Defendants failed to allow Plaintiff and the Class members to take rest periods during every four-hour period worked. The law requires that non-exempt employees be allowed a 10-minute break during every four-hour work period, or major fraction thereof. Defendants denied them such breaks.

58.     In addition, Plaintiff and the Class members are entitled to recover interest on the unpaid rest period wages de them. Further, they demand reasonable attorney's fees and costs of suit, pursuant to Labor Code § 218.5, plus all appropriate penalties for the wage and hour violations, in addition to the one hour's compensation as premium pay as provided for by law.

59.     Plaintiff and the Class members are not only entitled to compensation for the lost rest periods, but to the extent that Defendants claim that rest periods were taken which are not documented, they also seek all applicable penalties for Defendants failure to keep accurate time

1    records and to issue them accurate earnings statements.

2                              **FOURTH CAUSE OF ACTION**

3        **[Violations of California Labor Code §§ 226.7, 512(a) and 1198 -Meal Period**

4                                         **Violations]**

5                                  **(Against All Defendants)**

6        60.     Plaintiff hereby incorporate by reference all other allegations contained in this

7    Complaint as though fully set forth herein.

8        61.     At all times herein mentioned the Plaintiff and Class members, were non-exempt

9    employees and subject to the meal period provisions.

10       62.     Defendants failed to allow Plaintiff and the Class members to take 30-minute

11   meal periods for every 5 hours worked.  Defendants denied them such breaks.  Thus,

12   Defendants sometimes deprived employees of both their lunch period and the 30 minutes pay

13   for the time when the employees were working, when they should have been allowed to take

14   their meal breaks. .

15       63.     Wages are due to employees for "all hours worked").  Plaintiff and the Class

16   members demands all applicable reimbursement and penalties for their lost meal breaks, in

17   addition to the one-hour's compensation due under the wage order.  Further, Plaintiff and Class

18   members demands reasonable attorney's fees and costs of suit, pursuant to Labor Code § 218.5.

19       64.     Under California law, meal periods must be recorded unless all operations cease

20   during the scheduled meal periods.  Defendants failed to accurately record the meal periods.

21   Plaintiff and the Class members are not only entitled to compensation for the lost meal periods,

22   but to the extent that Defendants claim that meal periods were taken which are not documented,

23   Plaintiff and Class members also seek all applicable penalties for Defendants' failure to keep

24   accurate time records and to issue Plaintiff and the Class members accurate earnings statements.

25   //

26   //

27   //

28

## FIFTH CAUSE OF ACTION

### [Violation of California Labor Code§§ 201 and 202- Wages Not Timely Paid Upon Termination]

### (Against All Defendants)

65.    Plaintiff hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

66.    Labor Code §§ 201 & 202 require that an employer pay all wages due to an employee after said employee is discharged or quits.

67.    Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits.  This penalty consists of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed the equivalent of 30 days' pay.

68.    While employed by Defendants, these employees were entitled to compensation for regular hours, overtime, and meal premiums, all as set forth in this complaint.

69.    Defendants failed to pay all wages due to Plaintiff and the Class members who left their employment at Defendants, by failing to pay for the meal breaks, rest periods, and overtime due and unpaid.  Defendants are required to reimburse their former employees all unpaid wages earned and an additional penalty equal to the daily earnings of such employees up to an amount equal to 30 days pay.  Failure to do so is an unfair business practice, prohibited by Business and Professions Code § 17200, *et seq.*

## SIXTH CAUSE OF ACTION

### [Violation of California Labor Code§§ 226(a), 1174(d) and 1198-Non:-Compliant Wage Statements and Failure to Maintain Accurate Payroll Records]

### (AGAINST ALL DEFENDANTS)

70.    Plaintiff hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

71.    At all relevant times herein, California Labor Code section 226(a) provides that

CLASS ACTION COMPLAINT - 15

1  every employer shall furnish each of his or her employees an accurate and complete itemized

2  wage statement in writing, including, but not limited to, the name and address of the legal entity

3  that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable

4  rates of pay.

5      72.    During the relevant time period, Defendants have knowingly and intentionally

6  provided Plaintiff and class members with uniform, incomplete, and inaccurate wage statements.

7  Because Defendants did not compensate Plaintiff and Class members fully for all time worked,

8  because Defendants did not compensate Plaintiff and Class members fully for all overtime

9  worked, and because Defendants did not pay statutorily mandated meal and rest break

10  premiums, Defendants did not list the correct amount of gross wages earned by Plaintiff and

11  class members in compliance with section 226(a)(l). For the same reasons, Defendants failed to

12  list the correct amount of net wages earned by Plaintiff and class members in violation of

13  section 226(a)(5). Further, Defendants did not state the correct name and address of the legal

14  entity that is the employer in violation of 226(a)(8).

15      73.    Plaintiff and class members are entitled to recover from Defendants the greater of

16  their actual damages caused by Defendants' failure to comply with California Labor Code

17  section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

18  employee.

19                    **SEVENTH CAUSE OF ACTION**

20          **Violation of California Business & Professions Code §§ 17200, *et seq.***

21                      **(AGAINST ALL DEFENDANTS)**

22      74.    Plaintiff hereby incorporate by reference all other allegations contained in this

23  Complaint as though fully set forth herein.

24      75.    Defendants are a "person" as defined by California Business & Professions Code

25  sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or

26  associations.

27      76.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and

28

1  harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injury in

2  fact and has lost money as a result of Defendants' unfair business practices. Plaintiff seeks to

3  enforce important rights affecting the public interest within the meaning of Code of Civil

4  Procedure section 1021.5.

5      77.    Defendants' activities, namely Defendants' company-wide practice and/or policy

6  of not paying Plaintiff and class members all meal and rest period premium wages due to them

7  under Labor Code section 226.7, deprived Plaintiff and class members of the compensation

8  guarantee and enhanced enforcement implemented by section 226.7. The statutory remedy

9  provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate

10  employees, and secondarily to shape employer conduct. *Safeway, Inc. v. Superior Court*, 238

11  Cal. App. 4th 1138, 1149 (2015). The statutory benefits of section 226.7 were guaranteed to

12  Plaintiff and class members as part of their employment with Defendants, and thus Defendants'

13  practice and/or policy of denying these statutory benefits constitutes an unfair business practice

14  in violation of California Business & Professions Code sections 17200, *et seq. (Id.)*

15      78.    A violation of California Business & Professions Code sections 17200, *et seq.*

16  may be predicated on any unfair business practice. In the instant case, Defendants' policies and

17  practices have violated the spirit of California's meal and rest break laws and constitute acts

18  against the public policy behind these laws.

19      79.    Pursuant to California Business & Professions Code sections 17200 et seq.,

20  Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory

21  benefits implemented by section 226.7 withheld and retained by Defendants during a period that

22  commences four years prior to the filing of this complaint; a permanent injunction requiring

23  Defendants to pay all statutory benefits implemented by section 226.7 due to Plaintiff and class

24  members; an award of attorneys' fees pursuant to California Code of Civil Procedure section

25  1021.5 and other applicable laws; and an award of costs.

26  //

27  //

28

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and all others similarly situated, prays for relief and judgment against Defendants as follows:

1.    Certification of this action as a class action on behalf of each of the classes alleged in this complaint;

2.    For general damages, according to proof, on each cause of action for which such damages are available;

3.    For compensatory damages, according to proof, on each cause of action for which such damages are available;

4.    For punitive damages, according to proof, on each cause of action for which such damages are available;

5.    For restoration and restitution of lost wages, statutory penalties, and all other remedies afforded under the Labor Code on all causes of action for violation of the Labor Code;

6.    For declaratory and injunctive relief as requested herein;

7.    For prejudgment and post-judgment interest according to law;

8.    For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the law;

9.    For costs of suit incurred in this action; and

10.   Disgorgement of all gains unjustly gained by Defendants.

Respectfully Submitted,

SROURIAN LAW FIRM

DATED: December 29, 2017

By: _____
DANIEL SROURIAN, ESQ.
Attorney for Plaintiff

CLASS ACTION COMPLAINT - 18

EXHIBIT A
26

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Classes, hereby demands a jury trial for each of the causes of action alleged in this complaint.

Respectfully Submitted,

SROURIAN LAW FIRM

DATED: December 29, 2017

By: _____
DANIEL SROURIAN, ESQ.
Attorney for Plaintiff

CLASS ACTION COMPLAINT - 19

EXHIBIT A
27